UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TLC/HEALTHCARE FINANCE,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　ACTION NO. 2:09CV239

**DANA L. CALE, M.D., P.C.,** and
**DANA L. CALE, M.D.,** *individually*,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff's motion for default judgment (Doc. #5) was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered July 28, 2009. (Doc. #10). The Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332.

### I. STATEMENT OF THE CASE

#### A. Factual Allegations

The complaint was filed May 21, 2009, and includes two counts: breach of contract and specific performance. As alleged in the complaint, plaintiff is a company that specializes in the leasing of equipment.[1] Defendant Dr. Cale at one time owned a private practice specializing in medical aesthetics including Botox, Juvederm, and Neso-lipotherapy techniques, as well as cosmeceuticals, and advanced laser

---

[1] Plaintiff is a division of Telerent Leasing Corporation, and is a successor in interest to CoActiv Capital Partners LLC, f/k/a Partners Equity Capital Company LLC. (Compl. at ¶¶ 11-12).

technology.

On February 1, 2006, defendant Dana L. Cale, M.D., P.C. and Partners Equity Capital Company[2] entered into a Lease Agreement for certain medical equipment. Defendant Dana L. Cale personally guaranteed the Lease Agreement. Under the terms of the Lease Agreement, defendants agreed to make sixty-three monthly payments in the amount of $4,392.25, plus a documentation fee of $150.00, with an end of lease period purchase price of $100.00. (Compl. at Ex. A).

On May 17, 2006, defendant Cale signed a Certificate of Acceptance certifying that the equipment was successfully delivered and was in good working order. Under the terms of the Certificate, signing the document constituted an unconditional acceptance of the terms of the Lease Agreement. (Compl. at Ex. B). The terms of the Lease Agreement state that, upon default, the lessor may "declare due and payable the present value of (i) any and all amounts which may be then due and payable . . . plus (ii) all rent payments remaining through the end of the lease term, plus (iii) the purchase option amount." (Compl., Ex. A at ¶ 14). The Lease Agreement further provides for the repossession of the equipment, and recovery of "all the costs incurred to enforce [the lessor's] rights against [the lessee] including attorney's fees." Id.

Defendant ceased making payments on December 31, 2008. After several unsuccessful attempts to contact Dr. Cale, by letter dated April 7, 2009, plaintiff provided written notice that Dr. Cale was in default in the amount of $14,274.81, for late monthly payments. (Compl. at Ex. C).

---

[2] See supra n.1.

In the complaint, plaintiff moves for judgment in the amount of $136,259.75, plus interest at the rate of six percent from the date of February 1, 2009, costs, attorney's fees, and immediate repossession of the leased equipment.

### B. Procedural History

Service was made on defendant Dr. Cale on May 26, 2009, by posting on the front door of her residence. On May 27, 2009, defendant Dana Cale, M.D., P.C. was served by hand delivery on its registered agent, Burke W. Margulies, at the law offices of Pender & Coward, P.C., in Virginia Beach. (Doc. #6 at Ex. A). Defendants were required to file responsive pleadings within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants failed to respond to the complaint; therefore, on June 18, 2009, plaintiff moved for entry of an order of default judgment against defendants. (Doc. #5).

Plaintiff's motion for default judgment was referred to the undersigned by order filed July 28, 2009. (Doc. #10). Notice of the hearing was provided to defendants. (Doc. #12). A hearing on plaintiff's motion was held September 17, 2009. Defendants did not appear. Accordingly, plaintiff's motion for default judgment is now ripe for judicial review.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment by the Clerk and by the Court. Rule 55(a) provides for the entry of default by the Clerk.[3] Rule 55(b)(1) provides

---

[3] On July 15, 2009, the Clerk entered default against defendants. (Doc. #8).

for the entry of default judgment by the Clerk when the plaintiff's claim is for a sum certain (or a sum that can be made certain). Rule 55(b)(2) provides for entry of default judgment by the Court "in all other cases," and authorizes the Court to conduct hearings related to the request for entry of default judgment. Because, in its motion, plaintiff generally moves the Court for entry of default judgment pursuant to Rule 55, the District Court interpreted plaintiff's motion as requesting entry of default judgment pursuant to Rule 55(b)(2), and referred the motion to the undersigned to conduct a hearing.[4]

As stated above, a hearing on plaintiff's motion was held on September 17, 2009. In attendance was counsel for plaintiff, as well as plaintiff's corporate representative, Angel Concepcion. At that time, counsel for plaintiff stated that Dr. Cale is still working in the local area, and that she is living at the same residence in which she was living at the time the Lease Agreement was executed. Counsel further represented that, in addition to properly serving both Dr. Cale individually and the professional corporation she created, counsel for plaintiff has attempted to contact Dr. Cale on several occasions, and has received no response. Upon review of the record in this action, it is evident that plaintiff properly effected service on defendants. Further, plaintiff has submitted a certification of mail service pursuant to

---

[4] Subsequent to the filing of its motion, there has been some confusion as to whether plaintiff is moving for entry of default judgment by the Clerk or by the Court. As stated above, when plaintiff initially filed its motion for entry of default judgment, proof of service as to each defendant was attached to the memorandum in support of the motion. Counsel did not file a certification of mail service to defendant Dr. Cale as required by Virginia Code § 8.01-296(2)(b); therefore, the Clerk requested that counsel do so. Counsel resubmitted its motion with the required certification. (Doc. #7 at Ex. A). The resubmitted motion differs from the original motion in that plaintiff explicitly seeks the entry of default judgment by the Clerk pursuant to Rule 55(b)(1).

4

Virginia Code 8.01-296(2)(b).[5] Clearly, defendants-both Dr. Cale and her practice-were aware of this action, as well as plaintiff's motion for entry of default judgment and chose not to make an appearance.

At the hearing, counsel submitted evidence demonstrating the amount of damages. Specifically, counsel submitted the original affidavit of plaintiff's corporate representative, Angel Concepcion, showing an amount due of $136,259.75, which represents the remaining contract balance due of thirty-one payments, plus the end of lease period purchase price of $100.00. Counsel further submitted an interest calculation of $5115.86, which represents interest at the rate of six percent from the date of February 1, 2009.

Finally, the Lease Agreement contains a provision providing for the recovery of attorney's fees and costs. (Compl., Ex. A at ¶14). At the hearing, plaintiff submitted an Affidavit in Support of Attorney's Fees to support its request for the recovery of fees and costs. Attached to that affidavit is a <u>pro forma</u> statement showing fees and costs totaling $5,902.57. At the hearing, the Court reviewed the invoices and summaries of fees, and found them to be reasonable. Likewise, the Court found that the costs requested are proper, and should be taxed to defendants.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion for default judgment be granted. It is recommended that default

---

[5]Virginia Code § 8.01-296(2)(b) provides that, when service is effected on an individual by posting, "not less than 10 days before judgment by default may be entered, the party causing service . . . mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing."

judgment be entered against defendants in the amount of $147,278.18- representing the balance due on the contract, interest, attorney's fees, and costs-and that plaintiff be permitted to immediately repossess the equipment.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia
October 26, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:  Via ECF

Daniel Frederic Blanks
McGuire Woods LLP
101 W. Main St., Ste. 9000
Norfolk, VA 23510-1655

Erin Quinn Ashcroft
McGuire Woods LLP
101 W. Main St., Ste. 9000
Norfolk, VA 23510-1655

Fernando Galindo, Clerk

By _____
Deputy Clerk

October 26, 2009